

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2007

# Durant v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4444

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Durant v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1665.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1665

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4444

MARTIN STANFORD DURANT,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY;
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT;
THEODORE NORDMARK, DIST. DIR. ICE,
Respondents

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A45-308-927
Immigration Judge: Honorable Charles Honeyman

Submitted Under Third Circuit LAR 34.1(a)
January 29, 2007

Before: BARRY, ROTH, <u>Circuit Judges</u>, and DEBEVOISE,[*] <u>District Judge</u>

(Opinion Filed: February 7, 2007)

OPINION

---

[*] The Honorable Dickinson R. Debevoise, Senior District Judge, United States District Court for the District of New Jersey, sitting by designation.

BARRY, <u>Circuit Judge</u>

Martin Stanford Durant appeals from an order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider. We will affirm.

## I.

On September 13, 1999, Durant, a Guyanese citizen, was convicted in the Superior Court, County of New Castle, State of Delaware, for making terroristic threats in violation of title 11, section 621 of the Delaware Code. On May 16, 2002, an immigration judge ("IJ") determined that making terroristic threats qualifies as a crime of violence, as defined in 18 U.S.C. § 16(a), and therefore found Durant to be removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

Durant appealed to the BIA. On August 4, 2004, the BIA affirmed without opinion. Instead of filing in this Court a petition for review of the BIA's August 4, 2004 decision, Durant filed a motion to reconsider with the BIA. On October 27, 2004, the BIA denied the motion to reconsider, stating that it had already considered Durant's arguments. This petition for review followed.

## II.

As an initial matter, we must make clear precisely what we can review. As we have noted, Durant did not file a petition in this Court to review the BIA's August 4, 2004 affirmance but, instead, filed a motion to reconsider with the BIA. Accordingly, if we have jurisdiction, we may only review the BIA's October 27, 2004 order denying the

motion to reconsider; our review does not extend to the underlying order of removal. See

Stone v. INS, 514 U.S. 386, 394 (1995).

We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252(a)(2)(D),

and we review for abuse of discretion. Borges v. Attorney Gen., 402 F.3d 398, 404 (3d

Cir. 2005).[1]

A motion to reconsider must "specify the errors of law or fact in the previous order

and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). Section

1003.2(a) provides that the "decision to grant or deny a motion to . . . reconsider is within

the discretion of the Board." 8 C.F.R. § 10032(a). "Discretionary decisions of the BIA

will not be disturbed unless they are found to be arbitrary, irrational or contrary to law."

Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

Durant has merely submitted a 2001 bond order and restated the arguments he

made before the Immigration Court and on appeal to the BIA. As to his argument that his

appeal should have been assigned for review by a three-member panel, the regulations

specifically foreclose motions to reconsider on that basis. See 8 C.F.R. § 1003.2(b)(3).

The order of the BIA denying reconsideration states: "We have reviewed the

---

[1] Prior to the enactment of the REAL ID Act, the government moved to dismiss Durant's petition for review for lack of jurisdiction, citing 8 U.S.C. § 1252(a)(2)(C). Section 1252(a)(2)(C) stated at that time that "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 237(a)(2)(A)(iii) [of the INA]." We need not address the ways in which the REAL ID Act amended § 1252 because we review the BIA's order denying Durant's motion to reconsider, not a "final order of removal."

3

arguments made by the respondent in the motion and note that we considered these arguments before rendering a decision in this case.  We decline to revisit them." (A.R. 3.) We have considered the same arguments, now raised before us, and see no basis for saying that the decision of the BIA was arbitrary, capricious, or contrary to law.

## III.

The order of the BIA will be affirmed.

_____